**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clemente HERNANDEZ–MOJICA,**
**Defendant–Appellant.**

No. 01–6106.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

*ORDER*

Clemente Hernandez–Mojica appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Hernandez–Mojica pleaded guilty to a charge of illegal re-entry by a deported alien, a violation of 8 U.S.C. § 1326(a)(2) & (b)(2). He was sentenced to fifty-seven months of imprisonment to be followed by two years of supervised release.

On appeal, he argues that the district court erred by refusing to grant him a USSG § 5K2.0, p.s., downward departure: (1) because his federal prosecution was delayed by a state prosecution and (2) because he has a child who is seriously ill.

A district court's decision not to depart downward is not an appealable decision unless the district court mistakenly believed that it lacked the discretion to do so. *United States v. Prince,* 214 F.3d 740, 766 (6th Cir.), *cert. denied,* 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000).

The district court specifically noted that neither of the grounds for departure urged by Hernandez–Mojica took the case "outside the heartland" of cases anticipated by the sentencing guidelines. Thus, the district court demonstrated an awareness of its discretion but found downward departures unwarranted under the circumstances. This decision is not subject to review.

Accordingly, the district court's judgment is affirmed.